IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CODIE DEAN MALESKER,<br><br>    Defendant. | 4:20-CR-3115<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report (filing 41) and moved for a downward departure or variance (filing 39).

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the loss calculation in the presentence report, which substantially exceeds the amount to which the parties stipulated in the plea agreement. Filing 41; *see* filing 31. The government has the burden to prove actual loss, for fraud purposes, by the preponderance of the evidence. *United States v. Markert*, 774 F.3d 922, 925 (8th Cir. 2014). So, the government is obliged to present evidence in the face of the defendant's objection. *See United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this issue based on the evidence at sentencing.[1]

---

[1] The twist is that restitution in this case is mandatory. 18 U.S.C. § 3663A; *United States v. Chalupnik*, 514 F.3d 748, 752 (8th Cir. 2008); *see United States v. Hughey*, 495 U.S. 411, 420-21 (1990). The Court is not limited, in that respect, by the plea agreement. *See United States v. Gaye*, 902 F.3d 780, 794 (8th Cir. 2018). The plea agreement provides for restitution to all victims proximately harmed by the defendant's relevant conduct. Filing 31 at 5; *see* §

> The defendant has also moved for a downward departure or variance, based on his personal history and characteristics. *See* filing 40. Although the defendant cites U.S.S.G. §§ 5H1.3 and 5K2.0(a)(2) as support for that request, it appears to the Court that the circumstances the defendant relies on are best considered in the context of a potential variance.[2] Accordingly, the Court will construe the defendant's motion as requesting a downward variance, and will resolve it at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is

---

3663A(a)(3); *United States v. Marsh,* 932 F.2d 710, 713 (8th Cir. 1991). And while the defendant has objected to the loss calculation set forth in the presentence report, he has *not* objected to the restitution calculation. *See* filing 41; *see also United States v. Moser,* 168 F.3d 1130, 1132 (8th Cir. 1999). Accordingly, the Court expects to award full restitution regardless of what happens with the loss calculation.

[2] The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010).

   requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

   Dated this 25th day of October, 2021.

                                      BY THE COURT:

                                      _____
                                      John M. Gerrard
                                      United States District Judge